Barnes v. Kenyon.

---

Barnes *against* Kenyon.

An action of debt in this court, on a judgment in a court of common pleas, is a local action ; and the *venue* must be laid in the county where the judgment was given.

This was an action on a judgment in the Washington court of common pleas, and the *venue* was laid in Albany.

*Woods,* for the defendant, now moved to change the *venue* to Washington county.

*Woodworth,* contra.

*Per Curiam.* This case comes within the decision of this court in the case of *Pettit* v. *Carman,* (July term, 1798.) It was there decided, on the authority of Hobart, (169,) that debt on judgment was a local action, and the *venue* must be laid in the county where the judgment was given.

The case in Hobart is very decisive, and assigns as the reason that the plaintiff must count upon the record, by which it will appear that the cause of action arose in that county where the judgment was given, for the judgment makes a new contract. This case is cited and sanctioned by Gilbert on Executions, p. 97, *Roll's case, [*382] in 7 Jac. I. is cited in Yelv. 218, and admitted to be good law ; and it is a decision to the like effect. There is a precedent in 1 Wils. Rep. 316, of a declaration in K. B. on a judgment of an inferior court at Southwark in the county of Surrey ; and the *venue* was laid in Surrey, and not in Middlesex, where the court of king's bench sits. The mo-

(a) See Williams on Executors, 1278, 1279, 1281–1284.

dern practice seems, therefore, to be conformable to the ancient decision.

Motion granted.(a)

(a) In *Goodrich* v. *Colvin, et al.* (6 Cowen, 397,) the principal case was cited, but the court observed :—" Admitting the English practice to be as stated, there is no reason why we should follow it.    The main object of a venue is to facilitate the obtaining and introduction of testimony at the trial· These trials in debt on judgment, when by record, are in term time, by the record itself, without regard to the place where it may be filed.    And if there be any other plea or issue than *nul tiel record*, the venue may be changed, to subserve the convenience of witnesses, as in ordinary cases.    There is nothing in the nature of debt on judgment which makes it local."    (See also Graham's Practice, 3d ed. vol. 1, p. 597.)    In *Kelly* v. *Mullany*, (2 Hall, 205,) the question was argued by counsel, but not decided.    (See also *Burracliff's Executors* v. *Griscow's Administrator*, 1 Cox, 193.)